# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SIDNEY DAVID DOPP, | Case No. 23-CV-3804 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| CHRISTOPHER A. WRAY and JOHN AND JANE DOES, | |
| Defendants. | |

Sidney David Dopp, *pro se*.

This matter comes before the Court on Plaintiff Sidney David Dopp's (1) filing titled "Statement of Verified Facts in Support of Federal Tort Claim," ECF No. 1 ("Statement"); and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 ("IFP Application"). For the following reasons, the Court dismisses this action as frivolous and denies the IFP Application as moot.

The Court received the Statement on December 13, 2013. *See* Docket. The Statement lacks a usual civil-action complaint's form, and has no caption listing specific defendants. *See, e.g.*, Statement 1. But the Civil Cover Sheet that Dopp submitted with the Statement indicates that he seeks to name as Defendants here Christopher A. Wray (the current director of the Federal Bureau of Investigation) as well as up to 50

unidentified "Jane [and] John Does." *See* ECF No. 1-2 at 1.  Dopp proceeds here *pro se*, and courts are to construe *pro se* filings liberally.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court therefore construes the Statement as an attempt to file a case-initiating pleading that targets Wray and various unidentified Does as defendants.

The Statement, however, contains no specific discussion of Wray or any of these unidentified Does.  *See* Statement 1.  One page long, the Statement suggests that ever since Dopp underwent a medical procedure in April 2016, he has started hearing voices and suffered effects including "brain washing and mind control."  *Id.*  As the Court understands the Statement, Dopp contends that unidentified individuals placed a "chip" of some sort inside him, causing him various sorts of psychological and physical harm.  *Id.*[1]

Alongside the Statement, Dopp submitted the IFP Application.  Under the federal statute governing *in forma pauperis* ("IFP") proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a matter proceeding IFP] at any time if the court determines that . . . the action . . . is

---

[1] Since filing the Statement and IFP Application, Dopp has sent the Court four CDs ostensibly containing materials supporting his claims.  *See* ECF Nos. 3, 4 (comprising placeholders for submitted CDs).  To the extent that Dopp suggests that the Court should scour these materials to independently develop allegations or causes of action that might support this action, the Court respectfully declines the invitation.  The task of crafting an opening pleading rests with a plaintiff, not the Court, so the Court will not look through these materials to see how they might possibly support Dopp's claims.  *See, e.g.*, *Frelix v. Hendrie Grant Lending Inc.*, No. 23-CV-0896 (DWF/TNL), 2023 WL 3571906, at *3 n.4 (D. Minn. May 18, 2023) (citing cases).

...

frivolous . . . ."  28 U.S.C. § 1915(e)(2).  A case is frivolous when "'it lacks an arguable basis either in law or in fact.'"  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

The action that the Statement contemplates is frivolous for at least two reasons.  First, courts in this District routinely dismiss, as factually frivolous, claims against defendants when the relevant opening pleading has no factual allegations about those defendants.  *See, e.g.*, *Johnson v. Reed*, No. 23-CV-2130 (PJS/DTS), 2023 WL 7388389, at *4 (D. Minn. Nov. 8, 2023) (citing caselaw); *Logering v. Morrison Cnty. Sheriff's Dep't*, No. 23-CV-0177 (JWB/LIB), 2023 WL 3276515, at *4 (D. Minn. May 5, 2023) (same), *aff'd*, No. 23-2376, 2023 WL 8713781 (8th Cir. Dec. 18, 2023).  The Statement here provides no allegations about Wray or any specific Does.  The action is therefore frivolous as presently pled.

But even if Dopp had provided allegations about Wray or any Doe defendants, this action would still be frivolous.  At root, Dopp claims that various officials have caused him harm through some sort of implanted chip that causes him utterly implausible forms of harm.  *See, e.g.*, Statement 1 (stating that authorities "have . . . used artificial intelligence, voice boxes . . .  etc to get involved in such things as my social security and my social life" (errors and second ellipses in Statement)); *id.* ("[T]he FEDS/NSA are using radio frequencies on me.").  These claims are utterly fanciful, and courts routinely dismiss actions resting on such claims as frivolous.  *See, e.g.*, *Sykes v.*

3

*Klemp*, No. 19-CV-2154 (NEB/ECW), 2020 WL 5775837, at *6 (D. Minn. July 15, 2020),

*report and recommendation adopted*, 2020 WL 5768919 (D. Minn. Sept. 28, 2020);

*Washington v. Nat'l Black Police Ass'n*, No. 17-CV-2525 (JRT/DTS), 2017 WL 4990528, at *2

(D. Minn. Oct. 31, 2017).

Dismissing this action as frivolous is thus overdetermined.  This leaves the IFP Application; given the discussion above, the Court denies that filing as moot.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1. This matter is **DISMISSED WITHOUT PREJUDICE** as frivolous.

2. Plaintiff Sidney David Dopp's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 4, 2024                    s/Patrick J. Schiltz_____
                                          Patrick J. Schiltz, Chief Judge
                                          United States District Court